UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Mary Charles Robinson Austin,

Plaintiff,

v.

City of San Diego, et al.,

Defendants.

Case No.: 26-cv-3097-RSH-GC

**ORDER (1) DIRECTING SUPPLEMENTAL FILING BY PLAINTIFF; AND (2) DENYING MOTION TO REISSUE SUMMONS**

[ECF Nos. 3, 6]

On May 18, 2026, Plaintiff filed this lawsuit against defendant City of San Diego and Does 1-50. ECF No. 1. The same day, Plaintiff filed an ex parte application for a temporary restraining order and preliminary injunction and a motion to transfer venue to the Central District of California. ECF Nos. 3, 4. Plaintiff also filed a motion to reissue summons. ECF No. 6.

//

//

//

//

//

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions, and courts apply the same standards for both. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832 n.7 (9th Cir. 2001). Generally, a TRO is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Villegas Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). To obtain injunctive relief, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

When a plaintiff has not provided notice of her application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes additional requirements prior to the issuance of a temporary restraining order. Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). In addition, the Local Rules of this Court provide:

> A motion for an order must not be made ex parte unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

CivLR 83.3(g)(1). Finally, the undersigned's Chambers Pretrial Civil Procedures, available on the Court's website, provide at Section IV:

> All ex parte motions must be accompanied by a declaration from the

> movant documenting (1) efforts to contact opposing counsel, (2) counsel's good faith efforts, in person or by telephone, to meet and confer to resolve differences with opposing counsel, and (3) opposing counsel's general position regarding the ex parte motion. Any ex parte motion filed with the Court must be served on opposing counsel via email, fax, or overnight mail.

Plaintiff's ex parte application for a temporary restraining order and preliminary injunction does not reflect compliance with the foregoing requirements. The ex parte motion does not include an affidavit that explains Plaintiff's efforts to give notice to Defendant or reasons why notice should not be required before a TRO is issued. Accordingly, Plaintiff's ex parte application fails to comply with applicable rules.

Subsequently, after Plaintiff filed her ex parte application, Plaintiff filed a motion to issue an amended summons. ECF No. 6. Federal Rule of Civil Procedure 4(a)(2) states: "The court may permit a summons to be amended." "Courts construe this rule liberally and typically allow amendment to cure technical errors 'that are not misleading or prejudicial to the recipient of the summons.'" *Valna Holding Cypress Ltd v. BiBo Biopharma Eng'g Co. Ltd.*, No. 25-CV-03328-KAW, 2026 WL 1288557, at *1 (N.D. Cal. May 11, 2026). Rule 4 does not require the Court to include the address of the responding party in a summons. Fed. R. Civ. P. 4(a). Accordingly, the Court denies Plaintiff's motion to issue an amended summons.

Separately, Plaintiff has filed a motion to transfer venue to the Central District of California. *See* ECF No. 4. The Court does not rule on that motion at this time, but notes that Plaintiff is free to dismiss the lawsuit in this district and re-file it in the Central District of California.

If Plaintiff would like to proceed with her TRO application before this Court, Plaintiff shall make a supplemental filing demonstrating compliance with the requirements set forth above relating to notice. Plaintiff must serve Defendant with the ex parte application, along with the summons and complaint, within **fourteen (14) days of the date of this order**. The Court holds Plaintiff's ex parte application [ECF No. 3] in abeyance

pending Plaintiff's compliance. If Plaintiff fails to timely make the supplemental filing described herein, the Court will deny Plaintiff's ex parte application without prejudice. Alternatively, if Plaintiff wishes to dismiss this case, Plaintiff may do so.

**IT IS SO ORDERED.**

Dated: July 24, 2026

Hon. Robert S. Huie
United States District Judge