UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Mary Charles Robinson Austin,
Plaintiff,
v.
City of San Diego, et al.,
Defendants.

Case No.: 26-cv-3097-RSH-GC

**ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE**

[ECF No. 4]

Pending before the Court is a motion to transfer venue from this district to the Central District of California under 28 U.S.C. § 1404(a), filed by plaintiff Mary Charles Robinson Austin. ECF No. 4. As set forth below, the Court denies Plaintiff's motion.

## I. BACKGROUND

On May 18, 2026, Plaintiff filed this lawsuit against defendant City of San Diego. ECF No. 1. The Complaint brings claims for: (1) violation of due process; (2) unlawful search and seizure; (3) taking without just compensation; (4) conspiracy to deprive civil rights; (5) municipal liability; (6) elder abuse; and (7) violation of the Bane Act. *Id.* at 10-16. On the same day the Complaint was filed, Plaintiff filed an ex parte application for a

temporary restraining order (ECF No. 3) and a motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a) (ECF No. 4). On August 13, 2026, the Court denied Plaintiff's TRO application. ECF No. 8 at 1.

## II. MOTION TO TRANSFER VENUE

### a. Legal Standard

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" The decision is left to the discretion of the district court. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). It requires an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988).

Courts consider several factors in determining whether to transfer a case, including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1130 (C.D. Cal. 2009). "The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Id.* at 1131.

### b. Discussion

Plaintiff argues that this action should be transferred because the convenience factors are at a minimum neutral, the interests of justice require transfer, and public interest factors favor transfer. ECF No. 4. Regardless of whether this action could have been brought in the Central District of California, the Court finds that none of the relevant factors weigh in favor of a transfer.

First, Plaintiff chose to file this action in this forum. ECF No. 1. The same day the Complaint was filed, Plaintiff asked the Court to move this lawsuit to a different district. ECF No. 4. Plaintiff's choice of forum is thus afforded limited weight in this analysis. *See Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1216 n.9 (D. Haw. 2002) ("The

court does not give much deference to the plaintiff's second choice of forum . . . . If the plaintiff had wanted to file this action in [the second choice], it could have done so.") (citation omitted).

Second and third, the Central District is not more convenient for the Parties and the witnesses. Plaintiff claims that the convenience factors are at a minimum neutral, because the Central District is "a manageable distance" from San Diego and witnesses can be compelled to testify "regardless of venue[.]" ECF No. 4 at 7. However, Plaintiff asserts that both Parties reside in this district and many non-party witnesses would be employees of the City of San Diego. *Id*. The Court finds that the convenience factors favor this district, and Plaintiff offers no reason to conclude otherwise.

Fourth, the location of books and records does not favor transfer. Plaintiff argues that the key evidence in this case consists of city records, official documents, and correspondence, but the records "can be produced in any district" because they are "maintained in electronic format[.]" *Id.* at 8. The Court agrees with Plaintiff that ease of access to evidence is not a predominant concern due to advances in technology. *See Byler v. Deluxe Corporation*, 222 F. Supp. 3d 885, 906-07 (S.D. Cal. 2016). Although it is not a predominant consideration, the Court gives some weight to the fact that the evidence in this case would largely consist of city records that are located in this district. *See Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013).

Fifth, the factor regarding "which forum's law applies" is neutral regarding transfer from one California district court to another.

Sixth, the interests of justice do not favor transfer. "The 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Allstar Mktg. Grp., LLC*, 666 F. Supp. 2d at 1134 (citation omitted). Plaintiff claims that the interests of justice require transfer because Defendant's local influence creates an appearance of bias. ECF No. 4 at 5. Plaintiff further argues that because her claims involve alleged government misconduct they should be "adjudicat[ed] in a forum that is geographically and

institutionally removed from the defendant's sphere of influence." *Id.* at 6. However, Plaintiff cites no authority establishing that the presence of a local or municipal defendant creates an appearance of unfairness or otherwise supports transferring venue. *See id.* at 5-6. Plaintiff does not explain what the alleged bias or influence is or how it would justify transferring venue. *See Fan v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, No. 3:24-CV-00427-MMD-CLB, 2025 WL 1745670, at *4-5 (D. Nev. June 24, 2025) (denying a motion to transfer venue that was premised on "institutional entanglement" and "structural unfairness").

Seventh, administrative considerations are neutral. This factor primarily looks to "whether a trial may be speedier in another court because of its less crowded docket." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1167 (S.D. Cal. 2005) (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984)). The Central and Southern Districts maintain a similar amount of total filings per judgeship.[1]

Plaintiff has not shown that any factors weigh in favor of transfer from this district to the Central District of California. Plaintiff has failed to carry her burden, and the Court declines to transfer venue.

## III. SERVICE OF PROCESS

Rule 4(m) of the Federal Rules of Civil Procedure provides: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed this lawsuit on May 18, 2026 but has not yet filed a proof of service. The Court grants Plaintiff an additional thirty days following the date of this order to properly effectuate service of the summons and Complaint.

---

[1] *See* Admin. Office of the U.S. Courts, *U.S. District Courts — Judicial Business 2026* tbl.X-1A (June 30, 2026), https://www.uscourts.gov/data-news/datatables/2026/06/30/statistical-tables-federal-judiciary/x-1a.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to transfer venue [ECF No. 4] is **DENIED**.

Plaintiff shall properly effectuate service of the summons and Complaint within **thirty (30) days of the date of this order**. If Plaintiff has not effectuated service and filed valid proof of service by that date, or sought and obtained a further extension of time to do so establishing good cause for failure to timely serve, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED**.

Dated: September 10, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge